IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr482-MHT |
| | ) | (WO) |
| JACQUES BRADLEY | ) | |

OPINION AND ORDER

Now pending before the court are two motions to dismiss the indictment against defendant Jacques Bradley. Bradley filed a motion to dismiss for want of a speedy trial, given the extensive delays in the case. *See* Motion to Dismiss (doc. no. 867); *see also* Supplemental Motion to Dismiss (doc. no. 871). The government subsequently filed its own motion to dismiss without prejudice, stating that it had reviewed Bradley's speedy trial claims and "determined that it is appropriate that the indictment against [him] be dismissed." Motion to Dismiss (doc. no. 876) at 1.

Although Bradley did not oppose dismissal as the government asked, he requested that the court instead dismiss the case with prejudice. *See* Response to Motion to Dismiss (doc. no. 886) at 1. The court allowed the

government time to respond to the arguments Bradley raised in his response brief in support of dismissal with prejudice, *see* Order (doc. no. 877), but the government did not file a reply or take issue with any of his reasoning.

The court has discretion to decide whether dismissal of a case as a remedy for violation of the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*, should be with or without prejudice. *See United States v. Taylor*, 487 U.S. 326, 335 (1988). There is no preference for one type of dismissal over the other. *Id*. Among the factors the court must consider are "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2); *see also United States v. Brown*, 183 F.3d 1306, 1310 (11th Cir. 1999).

The court agrees with Bradley that each of the factors weighs in favor of dismissal with prejudice.

2

While the offense with which he is charged, conspiracy to distribute a controlled substance, is serious, there is no allegation in the record that he organized or led the conspiracy, used a weapon or acted violently, or indeed had any substantive involvement beyond providing drugs to others.    Moreover, the delay in this case was significant--nearly three and a half years from the date of his indictment--and was caused in large part by the government's inaction, not by Bradley's.    Indeed, the government itself moved for dismissal of the indictment after reviewing the relevant facts.    Because of the length of the delay, Bradley lost the ability to seek to reduce his sentence by cooperating with the government or to seek a sentence concurrent with his previous term of incarceration.    Were he to be reprosecuted, he would be forced to construct a defense years after the alleged crime occurred, making it much more difficult to obtain evidence or witness testimony.    Nor is the court unmoved by the psychological toll that bearing the weight of this

3

pending prosecution has taken on Bradley in the months since he learned of it.   To dismiss without prejudice would unnecessarily prolong his anxiety and cause additional psychological distress.   Given the length and cause of the delay in this case, along with the significant harm that delay has caused Bradley, the fair administration of justice requires that this case be dismissed with prejudice.

In addition, it is noteworthy that, as stated above, the government has not taken issue with these legal and factual contentions as outlined by Bradley.   Indeed, the government has not really expressly argued against without-prejudice dismissal.   It has made only the conclusory, and not-really-on-point argument, in its dismissal motion, that it "has reviewed the procedural nature of this matter through the lens of *Barker* [*v. Wingo, 407 U.S. 514 (1972),*] and other relevant case law" and "determined that it is appropriate that the indictment against Bradley be dismissed, without

**4**

prejudice." *Barker* went to the issue of whether dismissal under the Sixth Amendment was appropriate, and not to whether, if dismissal is appropriate, it should be with or without prejudice. Also *Barker* was not a Speedy Trial Act case.

                              \*\*\*

     Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that defendant Jacques Bradley's motion to dismiss (doc. no. 867) is granted, the indictment (doc. no. 1) is dismissed with prejudice, and defendant Bradley is discharged.

     It is further ORDERED that defendant Bradley's supplemental motion to dismiss (doc. no. 871) and the government's motion to dismiss (doc. no. 876) are denied as moot.

     DONE, this the 22nd day of February, 2021.

                         /s/ Myron H. Thompson
                    UNITED STATES DISTRICT JUDGE